## DAVID A. POWELL v. THE STATE BANK OF OHIO.

1. When a note is made payable at "The Ohio Life and Trust Company, New York," it is competent to prove that the Ohio Life *Insurance* and Trust Company is meant, and presentment and demand accordingly is sufficient to charge the indorsers.
2. An inaccuracy in the description of the note, contained in the notice of protest, by which the indorser would not be led to misunderstand what note was intended, is immaterial.
3. When a note is payable in New York, the party to whom it is sent for collection, is the holder, for the purpose of making demand, and giving notice of non-payment; and notices sent by him, or the notary employed by him, leaving New York by the next day's mail, directed to the last indorser, and on the next day after their receipt, the one intended for the plaintiff in error, one of the indorsers, was delivered to him in person by an agent of the subsequent indorser, who was the owner of the note, it is sufficient to charge him.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered against Powell and others, at the special term of May, A. D. 1856.

The facts sufficiently appear in the decision.

*Fox & French*, for plaintiff in error.

*Mills & Hoadly*, for defendant in error.

STORER, J., delivered the opinion of the court.

The facts disclosed by the record, in this case, are briefly these:

On the 14th of November, 1854, the Cincinnati & Chicago Railroad Company, by Caleb B. Smith, then president, gave their note for $5,404.09, payable in sixty days, to his order, at "the Ohio Life and Trust Company, New York." It was dated at Cincinnati, indorsed, among other parties, by the plaintiff in error, and discounted by the Mechanics' and Traders' Bank, a branch of the State Bank of Ohio. The cashier of the branch, Charles Conahan, indorsed it for collection, and transmitted it to the agent of the bank, in New York, for that

David A. Powell v. State Bank of Ohio.

purpose. On the 8th of January, 1855, when the note became due, a notary presented it at the counter of the Ohio Life *Insurance* and Trust Company, in New York, for payment, which was refused. On the 9th, the notary, having made out his usual protest, deposited in the post-office, a notice, directed to Conahan as cashier at Cincinnati, in which notices for the other indorsers were inclosed. These notices were dated on the 8th. The notice to Conahan was post-marked January the 9th, and was received in Cincinnati on the 12th of the same month. On the next day, an agent of the bank handed one of the notes, thus transmitted, to Powell.

On these facts, the judge in special term, rendered judgment for the amount of the note and interest, against the defendant, and at the request of his counsel, found the facts specially. Exceptions were thereupon taken to his rulings, both on the law and the evidence, and the judgment is now sought to be reversed, upon the following grounds:

1st. Because the demand of payment was not made at the place of payment. The notary presented the note at the Ohio Life *Insurance* and Trust Company, when it appears to have been made payable, by its terms, at the Ohio Life and Trust Company.

2d. The notice did not sufficiently describe the note sued upon.

3d. That the notice, and proof offered to show the service upon the defendant, was not made in due time.

4th. That the notice was not given, in Cincinnati, by the officers of the Mechanics' and Traders' Bank, the real holder.

The judge who tried the cause has certified to us, in the record, that the place of payment intended by the parties to the note, though described as the Ohio Life and Trust Company was, in reality, the Ohio Life Insurance and Trust Company, and that the presentment was properly made there. As there is no exception to the evidence upon which the court relied to prove the fact, we can not now inquire as to its relevancy or sufficiency. It was a simple question of identity, and might well be decided, as it was, upon competent proof.

Thus it has been held that where the name, given in a contract, sufficiently designates a corporation, there can be no avoidance of the obligation for the apparent misnomer. Angell and Ames on Corporations, §647; 10 Ohio, 111, *M. & C. T. Co.* v. *Brush;* 13 Johns, 38, *N. Y. African Society, etc.* v *Varick and others.*

And where a note or deed is made to a corporation, by a name varying from the true name, the plaintiffs may sue in their true name, and aver that the contract was made to them by the name mentioned in the deed. Angell and Ames, §648; The Mayor of Lynn Regis, 10 Co. 125.

There was then, as we think, no error in the finding of the judge, on this point. The parties evidently were aware of the misdescription in the note, as to the place of payment, and understood that the Ohio Life and Trust Company was intended for the Ohio Life Insurance and Trust Company. It is clear that no one was misled, and there is no pretense that there was any other banking company, of a similar name in New York at the time, where the note could have been presented. If the maker, on the day the note was payable, had tendered the amount due to the cashier of the Ohio Life Insurance and Trust Company, or had deposited funds, in that institution, to meet his contract, the indorsers would have been discharged, and the whole duty of the debtor performed.

The second error assigned, refers to the form of the notice sent by the notary to the indorsers. The notice is as follows:

" $5,400.09.                                New York, Jan. 8, 1855.

Please take notice that a note for $5,400.09, drawn by Caleb B. Smith, president, and indorsed by you, is protested for non-payment, and that the holders look to you for payment, the same having been demanded and refused."

This was signed by the notary, in his official character, and transmitted to the Mechanics' and Traders' Bank.

Whatever may have been heretofore the ruling of the English courts on this subject, the doctrine both in England and

the United States, now is, that the party to whom the notice is sent, should be apprised of the dishonoring of the bill, and be instructed that he is expected to pay it. There must be a sufficient description of the bill, or note, to indicate the particular contract upon which the party is sought to be held liable, so that he may identify it, and not be misled by an ambiguous or uncertain statement on the part of the notary. But an inaccuracy in the description of the instrument by which the indorser would not be led to misunderstand the bill intended, is immaterial. 11 Mees. & Wels. 809, *Stockman* v. *Parr;* and an error, even as to the place where the bill is lying, is equally so. 14 Mees. & Wels, *Rowlands* v. *Springett.*

The law has not prescribed any fixed form of notice. If sufficient appears to indicate to the indorsers the instrument to which he is a party, it is all that he can require. 11 Wheaton, 431, *Mills* v. *Bank of the United States;* 9 Peters, 33, *Bank of Alexandria* v. *Thomas Swann;* 2 Ohio St. 352, *Adm'r of Townsend* v. *The Lorain Bank of Elyria.*

If we apply these principles to the notice in the case before us, we must regard it as sufficient for all the purposes required by law.

The third and fourth error assigned may be considered together. We must regard the bank in New York, to whom the note was sent for collection, as the holder for all the purposes of demand and notice, and the notary who was employed to perform that duty, the authorized agent of the holder.

Whenever the demand was made, the notary fulfilled his duty, by depositing in the New York post-office, on the same day the note was presented, and payment refused, or on the day subsequent, notices for all the indorsers, directed to the owner of the note in Cincinnati; and these notices the officers of the bank here should have delivered to the appropriate parties on the same day, or that succeeding their arrival. These notices, we find, were transmitted at the proper time; and on the same day that they came to

hand, in the regular course of the mail, were handed to the indorsers.

Although the rule is admitted by the counsel for the plaintiff in error to be well settled, that a notice directed by the notary to the indorser, by name, would be valid, though delivered by the owner of the bill, when sent to him by the notary, yet it does not appear, in the present case, that the notice was thus directed, and when delivered by the officer of the Merchants' and Traders' Bank, was but the notice of that bank, and should have been handed to the indorsers on the same day it was received.

It is not very clear from the evidence embodied in the bill of exceptions, upon what day the notice was given; but, in our view of the case, it was immaterial. We do not think the point quoted by counsel, from 6 East, 3, *Darbishire, et al.* v. *Parker,* is applicable to this case. All that was decided there by the court was, that where a notice was sent to an agent, to be delivered to an indorser, he must deliver it on the same day he received it. Here, it will be perceived, the Merchants' and Traders' Bank were the real owners of the bill; they had transmitted it for collection, and received notice by mail of its being dishonored. If they adopted the form of notice sent them by the notary, and delivered it to the indorser, it was equally efficacious as if the original notice had been first made out by the officers of the bank, and served upon the proper parties.

We can see no difference in the result, in whatever aspect the point is to be considered, whether as a notice sent by the notary and adopted by the bank in Cincinnati, or as one given by the bank in the usual course. When the dishonor of a bill is notified to the last indorser, and the usual notices to the former indorsers are inclosed to him, we hold that all was done to charge the indorser that the law required to be done.

The Supreme Court have decided the principle, which we thus apply, in 18 Ohio, 54, *Ohio Life Ins. and Trust Co.* v.

18

*McCague.* And it is also fully recognized in 5 Metcalf, 212, *Eagle Bank, etc.* v. *Hathaway.* See also 1 Ohio St. 207, *Lawson, et al.* v. *Farmers' Bank of Salem.*

On the whole case, we think the court at special term committed no error, and we therefore affirm the judgment.

Judgment affirmed.